IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT TOMASELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      2:12-cv-00433-TFM |
| | ) |
| KEVIN SEELBAUGH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION FOR SUMMARY JUDGMENT of Defendant Kevin Seelbaugh (ECF No. 18), with brief, concise statement of material facts ("CSMF"), and affidavit in support filed on February 11, 2013. On March 13, 2013, acting pro se, Plaintiff Scott Tomasello filed a document entitled "Brief in Support of Motion for Summary Judgment of Plaintiff Scott Tomasello" (ECF No. 21), which contains a factual narrative and argument. Tomasello did not file a "motion" for summary judgment, CSMF, or response to Seelbaugh's filing as required by the Local Rules of the United States District Court for the Western District of Pennsylvania ("LCvR").[1] The Court will construe Tomasello's filing as both a motion for summary judgment and a response to Seelbaugh's motion, as it makes numerous references to the Seelbaugh affidavit. On July 16, 2013, Seelbaugh filed DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 24), to

---

[1] Specifically, LCvR 56(B)(1) requires a motion for summary judgment to include:

> A separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are ***undisputed and material,*** including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact . . . .

(Emphasis in original).

1

which Tomasello filed a response in opposition (ECF No. 25). The motions are ripe for disposition.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are undisputed. On February 8, 2012, First National Bank ("First National") submitted an incident report to the New Castle Police Department alleging that Tomasello deposited a forged check. According to First National's report, Tomasello opened both a checking and savings account at its Call's Plaza branch on February 3, 2012, with a check purportedly from Wachovia Bank ("Wachovia"). The purported check was issued by the "North American Olive Oil Association" in the amount of $3,100. From that check, Tomasello deposited $1,375 into the new checking account, $1,000 into the new savings account, and withdrew the remaining $725 in cash. He then cashed a personal check drawn on the checking account for $1,275 and withdrew $900 from savings, leaving $100 in each account.

On February 4, 2012, Tomasello withdrew $95 from each account at First National's Call's Plaza branch. First National subsequently attempted to close the accounts to prevent further transactions. Upon inquiry, Wachovia advised First National that the purported check from the North American Olive Oil Association was fraudulent. That same day, Tomasello also appeared at the Neshannock branch of First National. There, Tomasello deposited a second fraudulent check in the amount of $3,050, from which he attempted to withdraw $2,650. Before Tomasello obtained that withdrawal in cash, the bank issued a hold on the funds.

On February 22, 2012, Seelbaugh, a detective employed by the City of New Castle, Pennsylvania, filed a criminal complaint which charged Tomasello with (1) forgery under 18 Pa. Cons. Stat. Ann. § 4101, (2) theft by deception under 18 Pa. Cons. Stat. Ann. § 3922, and (3) receiving stolen property under 18 Pa. Cons. Stat. Ann. § 3925, accompanied by an affidavit of

probable cause. Magisterial District Judge Melissa A. Amodie signed the criminal complaint. The next day, Tomasello was arrested by Seelbaugh. On March 22, 2012, the charges against Tomasello were withdrawn after he paid restitution per an agreement with prosecutors.

On April 4, 2012, Tomasello filed a one-count complaint under 42 U.S.C. § 1983 ("§ 1983") against Seelbaugh for false arrest. Subsequently, Seelbaugh filed an answer. On June 25, 2012, the Court granted a motion by Tomasello's attorneys to withdraw their appearance. Former Chief United States District Judge Gary L. Lancaster conducted an initial case management conference on September 28, 2012, and a post-discovery status conference on December 14, 2012. The instant motion followed. On May 23, 2013, the case was reassigned to this member of the Court.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(a), "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment should be granted. The threshold inquiry is whether there are any genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court may grant summary judgment if the nonmoving party fails to make a factual showing "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, the nonmoving party is entitled to all reasonable inferences of fact. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008). A court may not make credibility determinations or weigh the evidence in making its determination. *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 150 (2000).

When the parties have filed cross-motions for summary judgment, as in this case, the summary judgment standard remains the same. *Transguard Ins. Co. of Am., Inc. v. Hinchey*, 464 F.Supp.2d 425, 430 (M.D.Pa. 2006). "'[T]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard.'" *Id.* (quoting *Marciniak v. Prudential Fin. Ins. Co. of Am.*, 184 Fed. App'x 266, 270 (3d Cir. 2006)). "If review of [the] cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts." *Id.* (citing *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998)).

## DISCUSSION

Tomasello argues that there was no probable cause for his arrest. Seelbaugh disagrees, and argues that he had a reasonable basis to believe that Tomasello committed the charged offenses. Section 1983 imposes civil liability on a person who, acting under the color of state law, deprives another of a right secured by the United States Constitution or laws of the United States. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Seelbaugh is a police officer, there is no dispute that the arrest was carried out under the color of state law. The only dispute is whether the arrest was without probable cause and violated Tomasello's constitutional rights.

The Fourth Amendment of the United States Constitution requires that a police officer have probable cause to arrest a citizen. *Paff v. Kaltenbach*, 204 F.3d 425, 435 (3d Cir. 2000). The particular inquiry in a § 1983 claim based on false arrest is whether the arresting officer had probable cause to believe that the person arrested had committed the offense—not whether the person actually committed the offense. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). Probable cause exists "when the facts and circumstances within the arresting

4

officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

"When a police officer does arrest a person without probable cause, the officer may be liable in a civil rights suit for damages." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). As the United States Supreme Court opined, "[t]he essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of 'reasonableness' upon the exercise of discretion by government officials, including law enforcement agents." *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979). Importantly, "[t]he test for an arrest without probable cause is an ***objective*** one, based on 'the facts available to the officers at the moment of arrest.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (emphasis added) (citations omitted).

Tomasello was arrested after having been charged with, among other things, the crime of forgery. *See* 18 Pa. Cons. Stat. Ann. § 4101. Under Pennsylvania law, the essential elements of forgery are: "'(1) the false making of some instrument in writing,[2] (2) the instrument must be apparently capable of effecting a fraud and working an injury to another and (3) there must be a fraudulent intent.'" *Commonwealth v. DiPiero*, 208 A.2d 912, 914 (Pa. 1965) (citation omitted). Tomasello does not dispute that Seelbaugh had probable cause as to the first two elements: (1)

---

[2] According to 18 Pa. Cons. Stat. Ann. § 4101(a):

> A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (1) alters any writing of another without his authority;
>
> (2) ***makes, completes, executes, authenticates, issues or transfers*** any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

(Emphasis added.)

the purported check from the North American Olive Oil Association was a written instrument and was false, and (2) it actually effectuated a loss of $3,090 upon First National.

The parties dispute whether probable cause existed as to the "fraudulent intent" element. In essence, Tomasello asserts that Seelbaugh did not draw a reasonable inference regarding the possible existence of fraudulent intent. The Court cannot agree. To establish intent to defraud in court, Pennsylvania law requires a prosecutor to show that the accused acted with a dishonest and injurious design to procure money wrongfully. *Commonwealth v. Green*, 211 A.2d 5, 9 (1965). Fraudulent intent is a subjective state of mind, but a person's intent can be inferred from his actions. *United States v. Rickard*, 336 F. App'x 235, 242 n.7 (3d Cir. 2009) (non-precedential) (stating that a jury was entitled to reject a defendant's claim that she lacked fraudulent intent). The standard for "probable cause does not demand the certainty we associate with formal trials." *Illinois v. Gates*, 462 U.S. 213, 246 (1983).

Seelbaugh had probable cause to infer that Tomasello acted with fraudulent intent. Tomasello deposited two fraudulent checks at First National. He deposited one check at the Call's Plaza branch of First National. Then, he deposited another at the bank's Neshannock branch. Both incidents prompted First National to file reports with law enforcement officials. The latter incident also prompted First National to put a hold on the funds. In light of his attempts to quickly convert the fraudulent checks into cash, and his use of different locations, a reasonable person could conclude that Tomasello had the intent to defraud the bank. Furthermore, the crimes charged against Tomasello were approved by Magisterial District Judge Amodie prior to the arrest. The Court recognizes that Tomasello alleges that he did not forge the purported checks, but was instead the unfortunate victim of a scam propagated by a mystery internet acquaintance. While that may be the case, the facts and circumstances within

Seelbaugh's knowledge at the time of arrest were sufficient to support probable cause.

In sum, the Court concludes that Seelbaugh had probable cause to reasonably believe that Tomasello had committed the crime of forgery. It is not necessary for the Court to determine whether Seelbaugh had probable cause to arrest Tomasello on the other offenses that were charged. Probable cause is needed for only one of the crimes being charged under the circumstances. *See Edwards v. City of Philadelphia*, 860 F.2d 568, 576 (3d Cir. 1988) (citing *Linn v. Garcia*, 531 F.2d 855, 862 (8th Cir. 1976) ("when a peace officer has probable cause to believe that a person is committing . . . [an] offense, he is justified in arresting that person, and it is immaterial that the officer may have thought, without probable cause, that the defendant was committing or had committed other offenses as well")). Because it finds in favor of Seelbaugh, the Court need not address the qualified immunity defense.

## CONCLUSION

For the reasons stated, the motion for summary judgment filed by Defendant Kevin Seelbaugh (ECF No. 18) will be **GRANTED** and the "Brief in Support of Motion for Summary Judgment of Plaintiff Scott Tomasello" (ECF No. 21), which the Court will construe as a motion for summary judgment, will be **DENIED**. Further, DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 24) will be **DENIED AS MOOT**. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT TOMASELLO, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-00433-TFM |
| KEVIN SEELBAUGH, | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW,** this 6th day of August, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the motion for summary judgment filed by Defendant Kevin Seelbaugh (ECF No. 18) is **GRANTED** and the "Brief in Support of Motion for Summary Judgment of Plaintiff Scott Tomasello" (ECF No. 21), which the Court construes as a motion for summary judgment, is **DENIED**. In addition, DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 24) is **DENIED AS MOOT**. The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: **Scott Tomasello**
131 Chadborne Court
Cranberry Township, PA 16066
(via First-Class and Certified Mail)

**Edmond R. Joyal, Jr., Esquire**
Email: ejoyal@travelers.com